NOT DESIGNATED FOR PUBLICATION

No. 116,051

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHRISTOPHER A. STUBER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed August 4, 2017. Affirmed.

*Christina M. Kerls*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before PIERRON, P.J., GREEN and HILL, JJ.

*Per Curiam*:  Not charged with stealing a watch but having possession of a watch stolen by someone else, Cristopher A. Stuber asserts that his theft conviction must be overturned because at trial, the State only presented evidence that he had stolen a ladies' watch and there was no evidence proving that it had been stolen by someone else. We hold there was sufficient circumstantial evidence for the jury to reasonably infer that Stuber knew the watch was stolen by another person, even though the evidence does not exclude the possibility that Stuber himself stole the watch. We affirm his theft conviction.

1

Around 11 a.m. one morning in March 2015, someone broke into the home of Katherine and Thomas Sanneman. One of the items taken was Katherine's Movado wristwatch. About 90 minutes later—some time around 12:30, Stuber pawned the watch at the One Hour Jewelry shop. He told the owner of the shop, David Le, that he had owned the watch for over a year. He signed a pawn ticket asserting that he owned the watch.

The State charged Stuber with making a false information in violation of K.S.A. 2014 Supp. 21-5824(a), a severity level 8 nonperson felony, and theft in violation of K.S.A. 2014 Supp. 21-5801(a)(4), a class A nonperson misdemeanor. Specifically, the theft charge read: "STUBER did then and there unlawfully obtain control over stolen property or services, to-wit: woman's Movado watch, knowing the property or services to have been stolen by another, with the intent to permanently deprive the owner(s) . . . ." The jury found Stuber guilty of both counts. He only appeals the theft conviction, claiming insufficient evidence.

When dealing with such questions our rules are well established. When the sufficiency of evidence is challenged in a criminal case, this court reviews the evidence in a light most favorable to the State to determine whether a rational factfinder could have found the defendant guilty beyond a reasonable doubt. *State v. Rosa*, 304 Kan. 429, 432-33, 371 P.3d 915 (2016). When doing this we do not reweigh evidence, resolve evidentiary conflicts, or make determinations regarding witness credibility. See *State v. Dunn*, 304 Kan. 773, 822, 375 P.3d 332 (2016). Important for this case is the concept of circumstantial evidence.

A verdict may be supported by circumstantial evidence, if such evidence provides a basis for a reasonable inference by the factfinder regarding the fact in issue. Circumstantial evidence, in order to be sufficient, need not exclude every other

reasonable conclusion. A conviction of even the gravest offense can be based entirely on circumstantial evidence. See *State v. Logsdon*, 304 Kan. 3, 25, 371 P.3d 836 (2016).

By charging Stuber only with violating K.S.A. 2014 Supp. 21-5801(a)(4), the State had to prove he knew the watch was "stolen by another." This subsection (a)(4) codified the offense formerly known as "receiving stolen property." See *State v. Bandt*, 219 Kan. 816, 819, 549 P.2d 936 (1976). Our cases have refined the requirements of these prosecutions in the past.

This type of theft requires that the control of the stolen property occur after the actual taking of the property. *State v. Holt*, 260 Kan. 33, 39-40, 917 P.2d 1332 (1996). The State must show that the defendant "at the time he received stolen property had a belief or a reasonable suspicion from all the circumstances known to him that the property was stolen and that the act was done with intent to deprive the owner permanently of the possession, use or benefit of his property." *State v. Lewis*, 256 Kan. 929, 933-34, 889 P.2d 766 (1995); *State v. Hurd*, No. 113,867, 2016 WL 3128771, at *4 (Kan. App. 2016) (unpublished opinion). We now examine the circumstances of this theft.

Here, we know that Katherine's watch was stolen. We know that Stuber sold Katherine's watch to One Hour Jewelry about an hour and a half later. We also know that Stuber lied when he told Le that he had owned the watch for over a year. Construing the evidence in the light most favorable to the prosecution, one of the reasonable inferences the jury could have drawn from these facts was that Stuber lied about owning the watch for a year and quickly sold it because he knew it was stolen by another person.

While the State presented no *direct* evidence proving either that Stuber himself took the watch from the home or that he was given the watch by another person, we hold,

without weighing the evidence, that there is sufficient circumstantial evidence for the jury to reasonably infer that Stuber knew the watch was stolen by another person.

Affirmed.

4